UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELLIOT DAVIS,

                                 Plaintiff,             **DECISION**
                                                     **and ORDER**

        -v-

SPEECHWORKS INTERNATIONAL, INC.,            **03-CV-533S(F)**

                                   Defendant.
_____

APPEARANCES:       NIRO, SCAVONE, HALLER & NIRO
                        Attorneys for Plaintiffs
                        TIMOTHY J. HALLER, ESQ., and
                        ROBERT P. GREENSPOON, ESQ., of Counsel
                        181 West Madison Street, Suite 4600
                        Chicago, Illinois 60602

                        BROMBERG & SUNSTEIN LLP
                        Attorneys for Defendant
                        JULIA HUSTON, ESQ., of Counsel
                        125 Summer Street
                        Boston, Massachusetts 02110

## JURISDICTION

       This matter was referred to the undesigned by the Hon. William M. Skretny for all

pretrial matters pursuant to 28 U.S.C. § 636(a).  The parties consented to this court's

jurisdiction for determination of Defendant's motion to dismiss and for sanctions (Doc.

No. 54).  Defendant also seeks an order to compel compliance  by Arnold Weiss, Esq.,

Plaintiff's personal attorney with a subpoena (Doc. No. 37).  Finally, Mr. Weiss seeks an

order of civil contempt against Defendant (Doc. No. 90).

## BACKGROUND

Plaintiff commenced this patent infringement action on July 14, 2004.  In his complaint (Doc. No. 1), Plaintiff alleges that Defendant has infringed upon his United States Patent No. 4,802,231 ("the 231 Patent"), which is titled "Pattern Recognition Error Reduction System," relating to voice recognition technology, through the marketing, distribution and sale of Defendant's products.  On August 25, 2003, Defendant filed its answer to the Complaint, denying that it infringed on the patent and asserting a counterclaim that it is entitled to a declaratory judgment that the 231 Patent is invalid (Doc. No. 6).

On April 7, 2004, Defendant filed a motion to compel compliance by Arnold Weiss, Esq., who has served as Plaintiff's personal attorney with a subpoena pursuant to Fed.R.Civ.P. 45 (Doc. No. 37).  Defendant sought documents in Mr. Weiss's possession which are relevant and material to the lawsuit, and which cannot be obtained from Plaintiff.  Defendant also requested appropriate sanctions, including attorney's fees, for Mr. Weiss's failure to respond to the subpoena, either to produce the documents or to certify that no such documents exist in his possession.

Defendant filed the motion to dismiss on April 28, 2004 (Doc. No. 54). Defendant seeks dismissal of the complaint and sanctions for what it terms Plaintiff's "alleged gross litigation misconduct."  Specifically, Defendant alleges that Plaintiff purposefully destroyed several boxes of documents in an effort to conceal evidence that his patent is invalid.  Plaintiff responded to the motion under seal on June 8, 2004 (Doc. Nos. 78, 79).  Defendant filed a reply in support of its motion on June 16, 2004 (Doc. Nos. 80, 81).

On June 24, 2004, the court conducted oral argument on the motion to compel. At that time, the court was advised that Mr. Weiss had provided some documents to Defendant, pursuant to the subpoena, and the motion was dismissed as moot as to those documents produced by Mr. Weiss.  The court reserved decision with respect to those documents which Mr. Weiss claimed were privileged and instructed Mr. Weiss to provide an affidavit regarding the claimed privilege and to submit responsive documents to the court for *in camera* review.  Additionally, the court granted the Defendant's motion for attorney's fees, instructed defense counsel to submit an affidavit of expenses, and allowed Mr. Weiss an opportunity to reply.  Mr. Weiss did not submit an affidavit regarding privilege, nor did he produce any further responsive documents for this court's *in camera* review.

On July 8, 2004, Defendant filed a declaration in support of its request for attorney's fees (Doc. No.87).  Defendant seeks fees and expenses in the amount of $4,565.10.  On July 13, 2004, Mr. Weiss filed a cross motion for an order of civil contempt (Doc. No. 90).  Specifically, Mr. Weiss contends that the motion to compel his compliance with the subpoena was "a felonious, fraudulent, false, criminal, contemptuous and illegal document . . ." and that defense counsel's claims of time and expenses are "grossly exaggerated" (Doc. No. 90, ¶¶ 15, 20).  Defendant responded to Mr. Weiss's motion on July 16, 2004 (Doc. No. 92).  Mr. Weiss filed a reply on July 27, 2004 (Doc. Nos. 101, 102).

The parties consented to this court's determination of the motion to dismiss (Doc. No. 112).  The court deemed oral argument unnecessary.  For the reasons that follow, the Defendant's motion to dismiss is DENIED and Mr. Weiss's cross motion for

contempt is DENIED.  Additionally, the court has reconsidered, *sua sponte*, its grant of

attorney's fees to Defendant, and, based on the following discussion, that aspect of the

motion to compel is DENIED.


# FACTS[1]

Defendant's motion to dismiss arises from the alleged intentional destruction of

certain documents by the Plaintiff.  The relevant facts are as follows: In March 2000,

following the settlement of patent infringement litigation between Plaintiff and

AT&T/Lucent Technologies, based on the "231" patent, Plaintiff's attorneys, the law firm

of Niro, Scavone, Haller & Niro ("Niro, Scavone") shipped six boxes of documents to the

Plaintiff (Doc. No. 58, Exh. 1).  In March 2002, Plaintiff shipped the six boxes of

documents to the law firm of Foley & Lardner in Washington, D.C., as he was

considering having Foley & Lardner represent him in further litigation.  Additionally, Niro,

Scavone shipped another two boxes of documents to Foley & Lardner at that time, for a

total of eight boxes of documents (Doc. No. 79, Exhs. E, F).  In May 2003, Foley &

Lardner shipped the eight boxes of documents back to Plaintiff (Doc. No. 58, Exh. 4).

While Plaintiff admits receiving the boxes, as evidenced by a UPS signature image, he

does not know what became of them (Doc. No. 79, Exh. A, ¶8).  Plaintiff stated that in

May 2003, he and his family were renting a townhouse on a month-to-month basis, in

preparation for moving into a new home.  *Id.*, ¶¶ 13-14.  The boxes of documents were

---

[1] This factual statement is taken from the papers in support of and in opposition to the motion to dismiss, primarily the Affidavit of Brian Donovan, Esq., dated April 29, 2004, (Doc. No. 58) with exhibits and the Affidavit of William Flachsbart, Esq., dated June 8, 2004, (Doc. No. 79) with exhibits.

probably stored in the garage with other boxes and, according to Plaintiaff, were unintentionally discarded. *Id.* ¶¶ 17, 19.

## DISCUSSION

### 1. Defendant's Motion for Dismissal and Sanctions

Defendant seeks dismissal of the complaint for Plaintiff's "gross litigation misconduct," primarily spoliation of evidence.  Defendant also complains that Plaintiff resisted discovery requests and provided false and misleading answers to interrogatories, all in an effort to conceal evidence of his patent's invalidity.  Defendant contends that the only appropriate sanction is dismissal of the complaint.

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 789 (2d Cir. 1999) (quoting Black's Law Dictionary 1401 (6th ed.1990)).  A party seeking sanctions for spoliation of evidence has the burden of proving three elements: "(1) that the [alleged spoilator] had an obligation to preserve the evidence; (2) that the [alleged spoilator] acted culpably in destroying the evidence; and (3) that the evidence would have been relevant to [the aggrieved party's] case, in that a reasonable jury could conclude that the evidence would have been favorable to [the aggrieved party]." *Golia v. Leslie Fay Co.*, 2003 WL 21878788, *9 (S.D.N.Y. August 7, 2003) (bracketed material added); *see also Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 107-08 (2d Cir. 2001); *John Street Leasehold LLC v. Capital Mgmt. Res., L.P.*, 154 F.Supp.2d 527, 541 (S.D.N.Y.2001), *aff'd*, 283 F.3d 73 (2d Cir.), *cert. denied*, 537 U.S. 1068 (2002)

(destruction due to gross negligence is sufficient to support finding of spoliation).

Although a district court has broad discretion in applying a proper sanction for spoliation, the applicable sanction should be fashioned to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine. *See Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998).  The sanction should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore "the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *Id.; see also Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).  Dismissal is appropriate if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party.  *See Jones v. NFTA*, 836 F.2d 731, 734 (2d Cir. 1987) *cert. denied* 488 U.S. 825 (1988).  However, because dismissal is a "drastic remedy," it "should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions."  *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988) (citation and internal quotation omitted).  *See also West v. Goodyear Tire & Rubber Company, supra*, (dismissal of action based on spoliation reversed where lesser sanctions were available to district court including, *e.g.*, instruction to jury to presume the subject tire was overinflated by plaintiff prior to its explosion injuring plaintiff).

In order for a sanction to be awarded as a result of the destruction of evidence, the party having control over the evidence must have had an obligation to preserve it at the time it was destroyed.  *Kronisch*, 150 F.3d at 126-27.  This obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation,

most commonly when suit has already been filed, providing the party responsible for the destruction with express notice. *Id.* Additionally, a party may have an obligation to preserve evidence under circumstances when it should have known that the evidence may be relevant to future litigation. *Id.*

Here, Defendant has failed to sustain its burden in seeking the drastic sanction of dismissal based on spoliation. While Plaintiff was under an obligation to preserve the potentially relevant documents for future litigation, Defendant has offered no proof that Plaintiff acted culpably or that it has not been able to obtain the documents from other sources. Plaintiff states that the boxes were received from Foley & Lardner at a particularly unsettled time in his personal life, and that the loss of the boxes is unexplained. There is nothing in the record to suggest, other than the timing of the loss of the documents, a somewhat suspicious coincidence, that the boxes were purposefully destroyed or disposed of by Plaintiff. Additionally, Plaintiff argues that Defendant has received most of the documents from other sources. Defendant has received deposition transcripts and exhibits from the AT&T/Lucent litigation, and pleadings and other documents from Lucent and the law firms of Damon & Morey and Hodgson, Russ that Defendant was compelled to subpoena from other sources.

Defendant's argument starts from the premise, at this point unproven, that Plaintiff's patent is invalid and that he has acted intentionally and improperly to conceal this invalidity. The court cannot, however, reach this conclusion at this point in the proceedings, however zealously advanced by Defendant. If Defendant has proof of the invalidity of the patent, it may move for summary judgment on its counterclaim. It is the policy of the courts to adjudicate expeditiously controversies on the merits. *See, e.g.,*

*Cody v. Mello*, 59 F.3d 13, 15 (2d Cir.1995); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.1993).

> In the ordinary course, lawsuits should not be resolved based on who did what to whom during discovery.  Indeed, a result driven by discovery abuse is justified only on the rarest of occasions and then only after the miscreant has demonstrated unquestionable bad faith and has had a last clear chance to comply with the rules.

*Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Int'l Union*, 212 F.R.D. 178, 181 (S.D.N.Y. 2003).  No such bad faith by Plaintiff is demonstrated on this record, and, accordingly, Defendant's motion to dismiss is DENIED.


**2.  Defendant's Motion to Compel Compliance with Subpoena**

When Defendant was unable to obtain the documents it sought from Plaintiff, it issued subpoenas for the production of documents regarding Plaintiff's patent from various sources, including Plaintiff's personal attorney, Arnold Weiss, Esq.  As noted, Mr. Weiss failed to respond to the subpoena, and Defendant moved to compel compliance with the subpoena.  At a hearing on the motion to compel on June 24, 2004, the court was advised that Mr. Weiss failed to submit any responsive documents until Defendant made the motion to compel, and accordingly the court granted Defendant's request for attorney's fees under Fed. R. Civ. P. 37.  Defendant has now submitted a declaration of costs incurred as a result of the necessity of the motion.

The court has reconsidered, *sua sponte,* its decision to grant Defendant's request for attorney's fees.  The court has no authority to sanction Mr. Weiss under Rule 37, as that Rule does not apply to a motion to compel compliance with a

subpoena pursuant to Fed.R.Civ.P. 45.  *See  S.E.C. v. Kimmes*, 1996 WL 734892, *7

(S.D.N.Y. Dec. 24, 1996).   Rule 45 itself contains no express provision for awarding

attorneys' fees or sanctions to a party that has prevailed on a motion to compel

compliance with a subpoena *duces tecum*, nor does Rule 45 allow the court to turn to

the terms of Rule 37(a) for such authorization.  *See In re Sumar,* 123 F.R.D. 467, 473

(S.D.N.Y. 1988).  Specifically, Rule 45(e) provides as the only means to enforce that

"[f]ailure by any person without adequate excuse to obey a subpoena served upon that

person may be deemed a contempt of the court from which the subpoena issued."

Sanctions may be appropriate under Rule 45 if a nonparty is declared in

contempt on the basis of its failure to comply with subpoena.  *See Bulkmatic Transport*

*Co., Inc. v. Pappas*, 2001 WL 504839, *3 (S.D.N.Y. May 11, 2001); *Diamond v. Simon*,

1994 WL 10622, at *1 (S.D.N.Y. January 10, 1994); *Kohler Co. v. Weiss*, 1993 WL

307775, at *2 (S.D.N.Y. August 9, 1993); *see also Patterson, Belknap, Webb & Tyler*

*LLP v. Regia Management Corp.*, 1998 WL 788798, at *1 (S.D.N.Y. November 10,

1998) (implying sanctions appropriate under contempt provision of Rule 45).   However,

the court has not found Mr. Weiss in contempt at this point in the proceedings.  At oral

argument on June 24, 2004, the court instructed Mr. Weiss to file an affidavit regarding

those documents he claimed were privileged.  The documents themselves were to be

submitted to the court for *in camera* review.  Mr. Weiss's response was a cross motion

for contempt against Defendant, to which a document log was attached (Doc. No. 90,

Exh. C).  From Mr. Weiss's cross motion, it appears that all responsive non-privileged

documents have been disclosed to Defendant.  However, the court has not been

advised whether Mr. Weiss has retained any documents which he claims are privileged.

If Mr. Weiss has complied fully with the subpoena, there would be no basis to hold him in contempt.

Accordingly, Mr. Weiss shall file an affidavit, within 20 days of service of this order, specifying whether he retains possession of any documents responsive to the subpoena that have not been provided to Defendants.  If so, Mr. Weiss shall also submit a privilege log, describing the nature of each document, and the basis for the asserted privilege.  If Mr. Weiss is not in possession of any further responsive documents, he shall so advise the court in the affidavit.  Additionally, Mr. Weiss shall provide any such responsive documents, regarding which the privilege is asserted, to the court for *in camera* review.  If he fails to provide this documentation, the court may find Mr. Weiss in contempt, and will fashion an appropriate sanction, which may include Defendant's reasonable attorney's fees.

### 3.  Cross Motion for Civil Contempt by Arnold Weiss

In his cross motion for civil contempt, Mr. Weiss stated that he was served with a subpoena on or about January 30, 2004 which requested the production of documents relating to U.S. Patent No. 4, 202,231 (Doc. No. 90, Exh. A).  Mr. Weiss stated that he had no documents relating to such a patent, but informed Defendant's counsel that all documents in his possession were privileged (Doc. No. 90 ¶¶ 4, 6).  Mr. Weiss also stated that when Defendant filed its motion to compel, it wrongfully altered the subpoena to reflect the actual number of Plaintiff's patent, 4, 802, 231.  *Id.* ¶ 8, 16.  Mr. Weiss stated that he prepared a document log, and that defense counsel received non-privileged documents and the log from Niro, Scavone.  *Id.* ¶¶ 11-12.

The court has reviewed the subpoena and the requirements of Rule 45.  The subpoena states the name of the court, the title of the action, and commands Mr. Weiss to permit inspection of documents related to U.S. Patent No. 4,802,231.  Additionally, the text of Rule 45 subdivisions (c) and (d) are set forth and the subpoena was signed by Brian M. Donovan, attorney for Defendant.  *See* Fed. R. Civ. P. 45(a). Despite a typographical error in the patent number on a courtesy copy of the subpoena faxed to Mr. Weiss prior to formal service of the subpoena, the subpoena that was formally served was properly issued and accurate, and Mr. Weiss's cross motion for contempt is therefore DENIED.

## CONCLUSION

Based on the foregoing, the Defendant's Motion to dismiss is DENIED, Mr. Weiss's cross motion for an order of civil contempt is DENIED, the court's prior order granting Defendant's costs is VACATED, and the Defendant's request for attorney's fees is DENIED *sua sponte*.  Within 20 days of service of this order, Mr. Weiss shall file an affidavit specifying whether he is in possession of any documents responsive to the subpoena for which he claims the attorney-client privilege together with a log of such documents, and he shall submit the documents to the court for *in camera* review.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  May 20, 2005
        Buffalo, New York

11