UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELLIOT DAVIS,

                        Plaintiff,

v.                                                    **ORDER**

SPEECHWORKS INTERNATIONAL, INC.,            03-CV-533S(F)

                        Defendant.

       1.      Currently pending before this Court are Plaintiff's motion for partial summary disposition of infringement (Docket No. 130); Plaintiff's motion for partial summary disposition of willfulness (Docket No. 132); Defendant's motion for summary judgment of patent invalidity (Docket No. 154); Defendant's motion for summary judgment of non-infringement (Docket No. 157); and Plaintiff's motion to strike portions of Defendant's summary judgment submission (Docket No. 162).

       2.      A number of documents have been filed under seal in their entirety in connection with the foregoing motions (Docket Nos. 145-147, 151 and 163-167) and three motions to seal are presently pending (Plaintiff's October 31, 2005 motion submitted to chambers and Defendant's motions filed at Docket Nos. 173 and 180).  Overall, there has been no uniformity in the manner in which motions have been submitted, documents prepared or courtesy copies provided.  In an attempt to bring some order to the Court's docket and its consideration of the pending dispositive motions, the parties are directed as follows.

       3.      Motions to seal are not to be filed; they are to be submitted directly to chambers for consideration. A motion to seal must be accompanied by a sealed envelope containing only the specific documents and/or pages that are purported to be confidential

and a courtesy copy of that information for the Court's consideration. If the motion is granted, chambers will forward the motion and the confidential documents to the Clerk's office for filing. Where the information sought to be submitted under seal is an exhibit to or a portion of a filed document, the filed document must clearly reflect the location for the confidential material and the fact that the information is the subject of a sealing motion.[1] Similarly, the information submitted for filing under seal must be tabbed and identified in such a way that the Court can readily determine the location of the information within a specific filed document.

4. When Plaintiff submitted his October 31, 2005 motion for leave to submit under seal his combined appendix to Local Rule 56.1 statements of material fact in opposition to Defendant's motions, he forwarded the entire appendix in a sealed envelope, but indicated that only a handful of items therein were actually confidential. Based upon instructions from chambers, Plaintiff filed an appendix which excludes the exhibits that are purportedly confidential, and presented a revised submission for sealing containing only those confidential exhibits. The Court finds the revised submission is acceptable and Plaintiff's motion to submit under seal the confidential exhibits to his combined appendix is granted.

5. On November 4, 2005, Defendant filed a motion to seal its opposition to Plaintiff's motion to strike and appended a "redacted" version of its opposing memorandum and exhibits (Docket No. 173). Defendant submitted to chambers a sealed envelope, but

---

[1] Assume, for example, that a party submits an affidavit with exhibits A through H and that pages 2 through 6 of exhibit D are the subject of a motion to seal. The party should insert in the filed document, at exhibit D, page 2, a notice that "Exhibit D, pages 2-6 have been submitted for filing under seal," or words to that effect.

did not provide a courtesy copy of the document contained therein. Defendant indicates in its motion that it is seeking to file an "unredacted" copy of its responding memorandum and exhibits under seal. As noted above, only the discrete pages containing confidential information should be submitted for filing under seal. Defendant is directed to revise its sealed submission to include only those pages that contain confidential information, and to deliver the revised submission to chambers along with a courtesy copy for the Court's review, on or before December 14, 2005.

    6.  On November 14, 2005, Defendant filed a motion to seal its reply in support of its motion for summary judgment of non-infringement and appended a "redacted" version of its reply papers (Docket No. 180). Defendant submitted to chambers a sealed envelope, but did not provide a courtesy copy of the document contained therein. Defendant indicates in its motion that it is seeking to file an "unredacted" copy of its reply papers under seal. As noted above, only the discrete pages containing confidential information should be submitted for filing under seal. Defendant is directed to revise its sealed submission to include only those pages that contain confidential information, and to deliver the revised submission to chambers along with a courtesy copy for the Court's review, on or before December 14, 2005.

    7.  On October 31, 2005, Plaintiff filed his response to Defendant's motion for summary judgment of non-infringement and related "Markman" arguments (Docket No. 168) and his opposition to Defendant's related statement of undisputed material facts (Docket No. 171). Thereafter, on November 14, 2005, Plaintiff's counsel advised the Court by letter that Defendant had asked Plaintiff to submit two pages of Docket No. 168 and one page of Docket No. 171 for filing under seal. Plaintiff submitted those pages to chambers

under seal, with a courtesy copy, and proceeded to file "redacted" versions of Document Nos. 168 and 171 at Docket Nos. 177/178[2] and 176, respectively. Consequently, confidential and non-confidential versions of both documents currently appear on the docket. Having considered Plaintiff's letter request and submissions, the Court will grant Plaintiff's request and direct that Docket Nos. 168 and 171 be stricken from the record.

8. When it became apparent that very limited portions of the parties' submissions are, in fact, confidential, it seemed prudent that the Court review its earlier rulings permitting the filing under seal of Docket Nos. 145, 146, 147, 151, 163, 164, 165, 166 and 167 in their entirety. Having revisited the parties' motions to seal along with the hundreds of pages of memoranda, declarations and exhibits at issue, this Court finds no basis to conclude that the entirety of these documents are confidential in nature. Accordingly, on or before December 14, 2005, the parties shall file the aforesaid documents as a matter of public record, exclusive of the specific pages for which they wish to seek leave to file under seal. The parties are to provide chambers with a courtesy copy of each filed document, a sealed envelope for each document containing only the pages that are purported to contain confidential information, and a courtesy copy of the confidential information. In the event the parties fail to file documents and submit any confidential pages, the Court will assume that no confidential information is contained therein and the previously sealed documents will be unsealed and made part of the public record.

---

[2] The same "redacted" version of Docket No. 168 appears to have been filed twice, at Docket Nos. 177 and 178. Docket No. 177 is identified as a "response" and No. 178 as a "reply," but the documents are identical.

9. Because the filings relative to the parties' respective summary judgment motions are quite voluminous, the parties are directed to provide chambers with courtesy copies of all filed documents, on or before December 14, 2005, to the extent they have not already done so. Specifically, Defendant must provide courtesy copies of its documents filed at Docket Nos. 173, 174 and 180 and Plaintiff must provide copies of its documents filed at Docket Nos. 176 and 177.

10. Oral argument on all motions for partial summary judgment and Plaintiff's motion to strike is scheduled for January 10, 2006 at 2:00 p.m..

IT HEREBY IS ORDERED that the Clerk of the Court shall file Plaintiff's "Motion for Leave to Submit under Seal Dr. Davis's Confidential Appendix in Support of his Opposition to Speechworks' Motion for Summary Judgment of Non-Infringement;"

FURTHER, that the aforesaid Motion is GRANTED as to Exhibits G through J of the Appendix and the Clerk of the Court shall file said Exhibits under seal;

FURTHER, that Defendant shall provide chambers with revised submissions in connection with its Motions for Leave to File Under Seal (Docket Nos. 173 and 180) on or before December 14, 2005;

FURTHER, that Plaintiff's letter request to file under seal pages 19 and 20 of Document No. 177 and page 14 of Document No. 176 is GRANTED;

FURTHER, that the Clerk of the Court is directed to STRIKE Documents No. 168 and 171 from the Court Docket in their entirety;

FURTHER, that Plaintiff shall re-file Docket Nos. 145, 146 and 147 and Defendant shall re-file Docket Nos. 151, 163, 164, 165, 166 and 167 as a matter of public record,

exclusive of those pages for which they seek leave to file under seal, on or before December 14, 2005;

FURTHER, that to the extent either party fails to re-file any document identified in the foregoing paragraph on December 14, 2005, the Clerk of the Court shall unseal said document and file it on the public record;

FURTHER, that to the extent the parties have not provided the Court with courtesy copies of documents filed in connection with their dispositive motions, said copies shall be provided on or before December 14, 2005; and

FURTHER, that oral argument on all motions for partial summary judgment and Plaintiff's motion to strike is scheduled for January 10, 2006 at 10:00 a.m..

SO ORDERED.

Dated: November 23, 2005
      Buffalo, New York

        /s/William M. Skretny
      WILLIAM M. SKRETNY
      United States District Judge