UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELLIOT DAVIS,

                              Plaintiff,

        v.

SPEECHWORKS INTERNATIONAL, INC.,

                              Defendant.

**DECISION
and
ORDER**

**03-CV-533S(F)**

---

APPEARANCES:        NIRO, SCAVONE, HALLER & NIRO
                    Attorneys for Plaintiff
                    TIMOTHY J. HALLER, and
                    ROBERT P. GREENSPOON, of Counsel
                    181 West Madison Street, Suite 4600
                    Chicago, Illinois  60602

                    BROMBERG & SUNSTEIN LLP
                    Attorneys for Defendant
                    JULIA HUSTON, of Counsel
                    125 Summer Street
                    Boston, Massachusetts  02110

## <u>JURISDICTION</u>

        This case was referred to the undersigned by Honorable William M. Skretny on

September 8, 2003, for all pretrial procedures pursuant to 28 U.S.C. § 636(a).  The

matter is presently before the court on Defendant's motions to compel discovery (Doc.

No. 120), filed April 29, 2005, and for reconsideration of the undersigned's May 20,

2005 Decision and Order denying Defendant's request for attorneys' fees incurred in

connection with obtaining documents destroyed by Plaintiff.

## BACKGROUND and FACTS[1]

Plaintiff Elliot Davis ("Plaintiff"), commenced this patent infringement action on July 15, 2003, alleging that Defendant Speechworks International, Inc. ("Defendant"), has marketed, distributed and sold products that infringe upon Plaintiff's United States Patent No. 4,802,231 ("the 231 Patent"), entitled "Pattern Recognition Error Reduction System."  Defendant, in its answer filed on August 25, 2003 (Doc. No. 6), denied any infringement on the 231 Patent, and asserted a counterclaim seeking a declaratory judgment that the 231 Patent is invalid.

By motion filed April 28, 2004 (Doc. No. 54), Defendant moved to dismiss the Complaint to sanction what Defendant characterized as Plaintiff's "alleged gross litigation misconduct," specifically, that Plaintiff purposefully destroyed eight boxes of documents to conceal evidence that the 231 Patent is invalid.  Alternatively, Defendant requested an award of attorneys' fees Defendant incurred in obtaining copies of the documents Plaintiff allegedly destroyed.  Plaintiff's response to the motion was filed, under seal, on June 8, 2004 (Doc. Nos. 78 and 79).  On June 16, 2004, Defendant filed a reply in further support of the motion (Doc. Nos. 80 and 81).  On February 16, 2005, the parties consented to the undersigned's determination of the motion to dismiss (Doc. No. 112).  Oral argument was deemed unnecessary.

On April 29, 2005, Defendant filed a motion to compel seeking a court order directing Plaintiff to (1) respond to Defendant's interrogatories with answers properly signed by Plaintiff, under oath; (2) produce the original opinion of legal counsel

---

[1] The fact statement is taken from the pleadings and motion papers filed in this action.

prepared by Robin Rohlicek, Esq., of Fish and Richardson, a law firm specializing in patent law; and (3) deemed the facts contained in Defendant's Requests for Admissions Nos. 97, 98 and 99 admitted based on Plaintiff's failure to respond to such requests.  Defendant's motion to compel was supported by the attached Declaration of Jack C. Schecter, Esq. ("Schecter Declaration"), and a separately filed memorandum of law (Doc. No. 121) ("Defendant's Memorandum in Support of Motion to Compel"), together with attached exhibits A through F ("Defendant's Exh. __").  By Order filed on May 13, 2005 (Doc. No. 123), Plaintiff was given until May 23, 2005, to file a response to Defendant's motion to compel, and Defendant was to file any reply by June 3, 2005. To date, no response has been filed by Plaintiff.

On May 20, 2005, the undersigned denied Defendant's motion seeking to dismiss the Complaint or, alternatively, an award of attorneys' fees incurred in connection with obtaining copies of the documents Plaintiff allegedly destroyed, on the basis that Defendant failed to sustain its burden in seeking such sanctions, *i.e.*, that Plaintiff intentionally engaged in spoliation of evidence.  May 20, 2005 Decision and Order (Doc. No. 124) ("May 20, 2005 Decision and Order") at 7-8.

On June 2, 2005, Defendant filed the instant motion seeking reconsideration of that portion of the May 20, 2005 Decision and Order denying Defendant's request for attorneys' fees incurred in connection with Defendant's efforts to obtain copies of the documents allegedly destroyed by Plaintiff.  The motion is supported by a memorandum of law (Doc. No. 127) ("Defendant's Memorandum in Support of Reconsideration").

On June 3, 2005, Defendant filed a Reply in Support of Its Motion to Compel

(Doc. No. 129) ("Defendant's Reply").  On June 9, 2005, Plaintiff filed its response to

Defendant's motion for reconsideration (Doc. No. 137) ("Plaintiff's Response in

Opposition to Reconsideration").  Oral argument on both motions was deemed

unnecessary.

Based on the following, Defendant's motion to compel is GRANTED;

Defendant's motion for reconsideration is DENIED.

## DISCUSSION

1.  **Motion to Compel**

Defendant seeks a court order directing Plaintiff to (1) respond to Defendant's

interrogatories with answers properly signed by Plaintiff, under oath; (2) produce the

original opinion of legal counsel prepared by Robin Rohlicek, Esq., of Fish and

Richardson; and (3) deemed the facts contained in Defendant's Requests for

Admissions Nos. 97, 98 and 99 admitted based on Plaintiff's failure to respond to such

requests.  Defendant's Memorandum in Support of Motion to Compel at 1.  Plaintiff has

not responded in opposition to the motion to compel.

In support of the request for an order directing Plaintiff to provide proper answers

to Defendant's interrogatories, Defendant explains that it served Plaintiff with

Defendant's first set of interrogatories on October 3, 2003, to which Plaintiff served

responses on November 19, 2003, and supplemental responses on April 29, 2004.

Defendant's Memorandum in Support of Motion to Compel at 2.  Plaintiff, however,

failed to sign either his initial responses or the supplemental responses to Defendant's

first set of interrogatories.  *Id*.  On April 9, 2004, Defendant served a second set of

4

interrogatories on Plaintiff, to which Plaintiff served unsigned responses on June 18,

2004.  *Id*.  On April 30, 2004, Plaintiff served a third set of interrogatories on Plaintiff, to

which Plaintiff served unsigned responses on July 7, 2004.  *Id*.

Defendant, by letters dated June 8, 2004, July 23, 2004, February 25, 2005 and

April 11, 2004, made repeated attempts to obtain from Plaintiff interrogatory responses

signed under oath.  Defendant's Memorandum in Support of Motion to Compel at 2.

On April 19, 2005, Plaintiff responded to the letters with the following statement:

> I, Elliot Davis, declare that responses to the following interrogatories:
> * * * are true and correct to the best of my knowledge and belief as to the fact I
> have personal knowledge.  However, some of the facts contained in these
> responses are not based on my personal experience, but upon facts obtained
> from others.

Plaintiff's Exh. E.

On April 26, 2005, Defendant informed Plaintiff that the purported "verification" was

inadequate and requested Plaintiff provide information as to the specific facts Plaintiff

was declining to verify and the identities of the unnamed persons who supplied such

facts.  Defendant's Memorandum in Support of Motion to Compel at 2-3; Plaintiff's Exh.

F.  Plaintiff has, however, refused to comply with the request.

Fed. R. Civ. P. 33(b)(1) requires that each interrogatory is to be "answered

separately and fully in writing under oath, unless it is objected to. . . ."  Further,

"[interrogatory] answers are to be signed by the person making them . . . ."  Fed. R. Civ.

P. 33(b)(2).  Significantly, at trial, a party's answers to interrogatories "may be used to

the extent permitted by the rules of evidence."  Fed. R. Civ. P. 33(c).  *See Bell v. A-Leet*

*Leasing Corp.*, 863 F.2d 257, 259 (2d Cir. 1988) ("It is clear that answers to

interrogatories may be utilized as admissions.") (citing *Gadaleta v. Nederlandsch-*

*Amerekaansche Stoomvart*, 291 F.2d 212, 213 (2d Cir. 1961)).  *See also Melius v. National Indian Gaming Com'n*, 2000 WL 1174994, * 1 (D.D.C. 2000) ("interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory," (citing Fed. R. Evid. 801(d)(2)).  As such, it is imperative that Plaintiff's answers to all three sets of Defendant's interrogatories strictly comply with Rule 33(b)'s requirements that such answers be signed by Plaintiff, under oath, and Defendant's motion to compel is GRANTED as to this request.

Defendant also seeks an order directing Plaintiff to produce an opinion letter ("the opinion letter") prepared by Robin Rohlicek, Esq., then an attorney with the law firm of Fish & Richardson, and provided to Plaintiff in January 1999 in connection with a proposed licensing agreement between Plaintiff and Lernout and Hauspie ("L&H"), an entity that was subsequently acquired by Defendant's parent company, ScanSoft. Defendant's Memorandum in Support of Motion to Compel at 3; Defendant's Reply at 1. Defendant explains that in January 1999, Plaintiff  approached L&H employee Francis Ganong ("Ganong"), currently a ScanSoft employee, to propose the licensing agreement.  Defendant's Reply at 1.  According to Defendant, implicit in Plaintiff's proposal to L&H was the assertion of a valid patent and "the threat of looming infringement litigation."  Defendant's Reply at 1.

Defendant also maintains that Plaintiff substantiated such claims to gain leverage in the licensing agreement discussions by offering the opinion letter, which Plaintiff suggested included a finding that the 231 patent was valid and no prior art

existed as to the patented invention.  *Id*.  at 1-2.  Defendant maintains that Plaintiff's disclosure to Ganong, a third-party, not in any relationship of confident to Plaintiff, of the substance of the opinion letter, including Rohlicek's conclusions that the 231 patent was valid and that no prior art pertaining to Plaintiff's patented invention existed, constituted a broad waiver of both the attorney-client privilege and work product protection Plaintiff asserts in opposing Defendant's request that the letter be produced. Defendant's Memorandum in Support of Motion to Compel at 4; Defendant's Reply at 2. As stated, Plaintiff has not responded in opposition to the motion to compel and, thus, the court relies on Defendant's assertion that Plaintiff has asserted both the attorney-client privilege and the work product doctrine as the basis for withholding the opinion letter.

"Privileged documents are exempt from disclosure."  *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (citing *U.S. v. Morton Salt Co.*, 338 U.S. 632, 653 (1950)).  The burden is on the party asserting the privilege to establish the elements of the claimed privilege.  *Construction Products Research, Inc.*, *supra*, at 473 (citing cases).  Specifically, the attorney-client privilege requires "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice."  *Id*.  A party asserting the work product doctrine must demonstrate that "the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation."  *Id*. (citing Fed. R. Civ. P. 26(b)(3) and cases).

Here, Plaintiff's failure to respond in opposition to the motion to compel renders it impossible for the court to determine whether the opinion letter is protected from

disclosure by either the attorney-client privilege or the work product doctrine.  As such,

Plaintiff has failed to meet his burden in establishing that such protections are

applicable to the requested opinion letter.  *See Construction Products Research, Inc.*,

*supra*, at 473-74 (rejecting both attorney-client privilege and work product doctrine

claims where party seeking protection from disclosure failed to establish essential

elements).[2]  Accordingly, Defendant's motion to compel is GRANTED insofar as

Defendant seeks production of the opinion letter.

Defendant further seeks an order deeming the facts contained in Defendant's

Requests for Admissions Nos. 97, 98 and 99 admitted based on Plaintiff's failure to

respond to such requests.  Defendant's Memorandum in Support of Motion to Compel

at 1.  Again, Plaintiff has not responded in opposition to the motion.

Defendant's Requests for Admissions Nos. 97, 98 and 99 request Plaintiff to

admit as follows:

> 97. Plaintiff did not obtain any of [Defendant's] products prior to filing suit against [Defendant].
> 98. Plaintiff did not examine any of [Defendant's] products prior to filing suit against [Defendant].
> 99. Plaintiff did not review the computer code in any of [Defendant's] products prior to filing suit against [Defendant].

Plaintiff's Exh. A.

Plaintiff, in response to each of the above three Requests for Admissions, stated as

follows: "This request invades [Plaintiff's] work product immunity and need not be

---

[2] While not formally reaching the issue, assuming, *arguendo*, that Plaintiff did, in fact, voluntarily disclose the substance of Rohlicek's opinion letter to Ganong, the disclosure supports a conclusion that Plaintiff thereby waived the privileges as to the letter itself.  *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987) (it is client's responsibility to ensure the confidentiality of the client's communications with his attorney is maintained, and the client may impliedly waive any privilege by disclosing the contents of such communication to a third-party).

answered."  Plaintiff's Exh. A.

Fed. R. Civ. P. 36(a) provides that where a party serves on another party a written request for the admission of the truth of any matters within the scope of discovery contemplated under Rule 26(b)(1), "[t]he matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."  Courts have held that if a response requires the disclosure of privileged matters, the request to admit is objectionable.  *See, e.g., United States v. One Tract of Real Property Together with all Buildings, Improvements, Appurtenances, and Fixtures*, 95 F.3d 422, 428 (6th Cir. 1996) (holding attorney-client privilege and work product doctrine protected requested party from providing information sought in request to admit); *Booth Oil Site Administrative Group v. Safety-Kleen Corporation*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000) (observing that a request to admit may properly be objected to on the basis that the request seeks information that would violated a recognized privilege).[3]

In the instant case, although Plaintiff asserts the work-product doctrine as the basis for his objection to Requests for Admissions Nos. 97, 98 and 99, Plaintiff has failed to establish that such doctrine applies, in violation of the requirement that "'[a] denial must be forthright, specific and unconditional.'"  *Booth Oil Site*, *supra*, at 79 (quoting Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2260 at 729).

---

[3] Although Defendant argues that the work product doctrine applies only to documents and tangible things, Defendant's Memorandum in Support of Motion to Compel, at 9, the Supreme Court has made clear that disclosure of the opinions or mental processes of counsel may occur when nontangible work product is sought through depositions, interrogatories, and requests for admissions.  *Hickman v. Taylor*, 329 U.S. 505, 510-11 (1947).

Significantly, "a refusal to admit, without detailed reasons why the responder cannot truthfully admit or deny is the equivalent of an admission."  *Booth Oil Site*, *supra*, at 80 (citing *Fuhr v. Newfoundland-St. Lawrence Shipping, Ltd.*, 24 F.R.D. 9, 13 (S.D.N.Y. 1959)).   Accordingly, in the instant case, Plaintiff's failure to provide detailed reasons as to why he is unable to truthfully admit or deny Requests for Admissions Nos. 97, 98 and 99 constitutes an admission of such requests.

Defendant's motion is, therefore, GRANTED, insofar as Defendant requests that Requests for Admissions Nos. 97, 98 and 99 be deemed admitted.

**2.     Motion for Reconsideration**

Defendant moves for reconsideration of the May 20, 2005 Decision and Order denying Defendant's motion seeking to dismiss the Complaint or, alternatively, an award of attorneys' fees incurred in connection with obtaining copies of the documents Plaintiff allegedly destroyed, on the basis that Defendant failed to sustain its burden in seeking such sanctions, *i.e.*, that Plaintiff intentionally engaged in spoliation of evidence.  Defendant maintains that it was not until Defendant deposed Plaintiff on July 29, 2004, after Defendant's motion to dismiss was submitted and ready for decision, but prior to the issuance of the May 20, 2005 Decision and Order denying Defendant's motion, that Defendant learned that both Plaintiff and Plaintiff's counsel, Niro, Scavone, Haller & Niro ("Niro, Scavone"), knew Plaintiff had failed to preserve eight boxes of documents relevant to the instant litigation prior to commencing this action. Defendant's Memorandum in Support of Reconsideration at 2.  According to Defendant, Plaintiff, despite his knowledge of the missing boxes and documents, filed the instant

action, made no efforts to obtain copies of the missing documents from third parties, and failed to inform Defendant of the missing documents. *Id*. at 2-3. Defendant maintains that as a result, Defendant was "forced" to subpoena ten different parties to obtain copies of the missing documents, at a cost exceeding $ 40,000 in attorneys' fees. *Id*. at 3-4. Defendant thus argues that Plaintiff "should bear the burden of his own litigation misconduct," and requests an order directing Plaintiff to reimburse Defendant for the costs of obtaining copies of the documents. *Id*. at 4.

Plaintiff argues in opposition to reconsideration that Defendant's motion does not proffer any newly discovered evidence warranting reconsideration of the May 20, 2005 Decision and Order and, further, that the simple fact that Plaintiff knew when the instant action was commenced that relevant documents were missing documents provides no evidence that Plaintiff is culpable for the fact that the documents are missing. Plaintiff's Memorandum in Opposition to Reconsideration at 1-2. Plaintiff further challenges Defendant's assertion, even assuming its truth, that it spent more than $ 40,000 in efforts to obtain copies of the missing documents, as excessive. *Id*. at 2-3.

For a party to prevail on a motion for reconsideration, the party must (1) "present '[factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision,'" *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y 1999) (internal citations omitted) or (2) the party "must demonstrate 'the need to correct a clear error or prevent manifest injustice.'" *Id.* (underlining added). "The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can pont to controlling decisions or data that the court overlooked - matters, in other words, that might

11

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

*Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases).  Further, the

"motion is not a vehicle for "presenting the case under new theories, securing a

rehearing on the merits, or otherwise taking 'a second bite at the apple.'" *Griffin*

*Industries, Inc.*, *supra*, at 368  (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144

(2d Cir. 1998)).  Additionally, whether to grant or deny such motions is within the sound

discretion of the court.  *Id.* (citing cases).  *See also Larouche v. Webster,* 975 F.Supp.

490, 492 (S.D.N.Y. 1996) (criteria for motions for reconsideration "strictly construed

against moving party") (citing cases).  In the instant case, Defendant has failed to

sustain its burden in seeking reconsideration.

Specifically, Defendant's argument in support of reconsideration fails to either

present any facts or controlling decision which the undersigned overlooked and which

might have materially influenced the May 20, 2005 Decision and Order, or to

demonstrate any the need to correct a clear error or to prevent manifest injustice.

*Griffin Industries, Inc. supra*, at 368.  Rather, Defendant merely submits facts

Defendant discovered during Plaintiff's deposition on July 29, 2004, after the motion to

dismiss was submitted for decision but before the May 20, 2005 Decision and Order

was filed, establishing that Plaintiff and his counsel were aware when the instant action

was commenced that documents relevant to this case were misplaced and had possibly

been destroyed.  *See* July 29, 2004 Deposition of Plaintiff at pp. 127-31 (Exh. A to

Plaintiff's Memorandum in Support of Reconsideration) (Plaintiff testifying at his

deposition that in the course of signing the retainer with Plaintiff's current counsel, Niro

Scavone, both Plaintiff and Niro Scavone became aware that Plaintiff was unable to

12

locate eight boxes containing documents relevant to the then contemplated litigation). As such facts were not presented to the court prior to the May 20, 2005 Decision and Order, the court cannot be said to have overlooked them so as to establish a ground for reconsideration. *Griffin Industries, Inc.*, *supra*, at 368; *Schrader*, *supra*, at 257.

Furthermore, Defendant's belated presentation of Plaintiff's deposition testimony also fails to demonstrate the need to correct a clear error or to prevent manifest injustice. *Griffin Industries*, *Inc.*, *supra*, at 368. In particular, although the newly proffered evidence established that Plaintiff knew when the instant litigation was commenced Plaintiff had failed to preserve evidence he was obligated to preserve for use in connection with the instant litigation, the evidence nevertheless lends no support to a finding that Plaintiff destroyed the records, let alone that Plaintiff undertook any such destruction with a culpable state of mind sufficient to find Plaintiff guilty of spoliation. *See Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (a party seeking sanctions for spoliation of evidence must prove three elements, including "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.") (citing *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107-12 (2d Cir. 2001). Nor does the selected portion of Plaintiff's deposition transcript demonstrate that Plaintiff had already contemplated the instant litigation when Plaintiff lost track of the boxes. *See Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (for a sanction to be awarded for spoliation of evidence, the party having

control over the evidence must have had an obligation to preserve it when the evidence was destroyed).

Accordingly, Defendant has failed to meet its burden in seeking reconsideration of the May 20, 2005 Decision and Order and the motion is DENIED.

## **CONCLUSION**

Based on the foregoing, Defendant's motion to compel (Doc. No. 120) is GRANTED; Defendant's motion for reconsideration (Doc. No. 126) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        January 27, 2006
             Buffalo, New York