UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELLIOT DAVIS,

               Plaintiff,

v.

SPEECHWORKS INTERNATIONAL, INC.,

               Defendant.

**DECISION
and
ORDER**

**03-CV-533S(F)**

---

APPEARANCES:         NIRO, SCAVONE, HALLER & NIRO
                             Attorneys for Plaintiff
                             TIMOTHY J. HALLER, and
                             ROBERT P. GREENSPOON, of Counsel
                             181 West Madison Street, Suite 4600
                             Chicago, Illinois  60602

                             DAMON & MOREY LLP
                             Attorneys for Plaintiff
                             EDWARD P. YANKELUNAS, of Counsel
                             1000 Cathedral Place
                             298 Main Street
                             Buffalo, New York 14202-4096

                             BROMBERG & SUNSTEIN LLP
                             Attorneys for Defendant
                             JULIA HUSTON, of Counsel
                             125 Summer Street
                             Boston, Massachusetts  02110

On January 27, 2006, the undersigned issued a Decision and Order (Doc. No. 221) ("the January 27, 2006 Decision and Order), in this patent infringement action granting Defendant's motion to compel discovery (Doc. No. 120), and denying Defendant's motion for reconsideration of the court's May 20, 2005 Decision and Order (Doc. No. 124).   The January 27, 2006 Decision and Order states that Plaintiff had

failed to respond in opposition to Defendant's motion to compel, January 27, 2006 Decision and Order at 3, and that Plaintiff's failure to respond in opposition to the motion to compel rendered the court unable to determine whether an opinion letter prepared by patent attorney Robin Rohlicek, Esq. ("the opinion letter"), and provided to Plaintiff in January 1999 in connection with a proposed licensing agreement involving Plaintiff's United States Patent No. 4,802,231 ("the 231 Patent"), is protected from disclosure by either the attorney-client privilege or the work product doctrine.  *Id*. at 6-7.

      Specifically, in January 1999, Plaintiff approached one Francis Ganong ("Ganong"), currently an employee of  Defendant's parent company ScanSoft, to propose the licensing agreement.  Defendant argues that to gain leverage in the licensing agreement discussions with Ganong, Plaintiff offered the opinion letter to substantiate claims implicit in Plaintiff's proposal, including an assertion of the 231 Patent's validity and a threat of imminent infringement litigation.[1]  January 27, 2006 Decision and Order at 6-7.  Defendant further maintained that Plaintiff's disclosure of the opinion letter's substance to Ganong, a third-party with whom Plaintiff was not in any confidential relationship, constituted a broad waiver of both the attorney-client privilege and work product protection as to the opinion letter.  January 27, 2006 Decision and Order at 7.  Based on Plaintiff's failure to file any response in opposition to Defendant's motion to compel, the court found Plaintiff had failed to meet his burden in establishing that such protections are applicable to the requested opinion letter, and granted Defendant's motion insofar as Defendant sought production of the opinion letter.  *Id*. at 7-8.

---

[1] The record does not indicate against whom such infringement litigation was considered.

By letter dated February 7, 2006 (Doc. No. 225) ("February 7, 2006 Letter"), Plaintiff's local counsel, Edward Yankelunas, Esq. ("Yankelunas"), explained that Plaintiff's Response opposing Defendant's motion to compel were hand-delivered to the undersigned's chambers on May 23, 2005, along with an *in camera* submission of the opinion letter.  According to Yankelunas, Plaintiff's Response was served on Defendant's counsel by facsimile transmission and Federal Express delivery.  February 7, 2006 Letter at 1.  Yankelunas further explains that the transmittal letter that accompanied Plaintiff's Response was signed by the undersigned with the notation "Approved for Filing" and was docketed as Doc. No. 25, but that "for reasons unknown to us the Clerk's Office did not place [Plaintiff's] Response into the public docket." February 7, 2006 Letter at 1.[2]  The court, *sua sponte*, treats the February 7, 2006 Letter as a motion for reconsideration of the January 27, 2006 Decision and Order.[3]

Whether to grant a motion for reconsideration is within the sound discretion of the court, *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y 1999) (citing cases), and the criteria for reconsideration motions are "strictly construed against the moving party." *Larouche v. Webster,* 975 F.Supp. 490, 492 (S.D.N.Y. 1996) (citing cases).  A motion for reconsideration will not be granted absent a showing that (1) the court overlooked factual matters or controlling decisions that might materially have influenced the earlier decision, or (2) the "need to correct a clear error or prevent manifest injustice." *Griffin Industries*, *supra*, at 368 (internal citations omitted).  A motion

---

[2] To facilitate potential further judicial review, Plaintiff's Response was electronically filed, at the court's direction, on February 10, 2006 (Doc. No. 226).

[3] Because Defendant was served with a copy of the Plaintiff's Response, and filed a Reply in further support of the motion to compel, the court's *sua sponte* treatment of the February 7, 2006 Letter as a motion for reconsideration results in no prejudice to Defendant.  Further, as the court has denied Plaintiff reconsideration, Defendant's response was deemed unnecessary.

for reconsideration is not intended as a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" *Id*., at 368 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Initially, the court observes that Plaintiff's hand delivery to chambers of papers responding to Defendant's motion to compel did not relieve Plaintiff of his obligation to electronically file such response in accordance with the court's electronic filing requirements. Nor is it clear from the May 23, 2005 transmittal letter that the accompanying papers included Plaintiff's original Response which Yankelunas intended for judicial staff to file with the Clerk's office. Rather, the May 23, 2005 Transmittal Letter advises that

> [t]oday [Plaintiff] is filing his opposition to [Defendant's] motion to compel, Dkt. No. 120. Please find accompanying this letter [Plaintiff's] in camera submission in support of his response and opposition. It consists of the Fish and Richardson opinion letter in dispute, labeled FR00147-00158.

May 23, 2005 Transmittal Letter at 1 (underlining and bracketed material added). Nowhere within the text of the May 23, 2005 Transmittal letter is there any suggestion that Yankelunas was unable to electronically file Plaintiff's Response, nor any indication that Yankelunas was requesting the court's assistance in filing Plaintiff's Response by some method other than electronic filing, the method that has been required in this court since March 2004, and the same method previously used by Yankelunas to file papers in this action. Nor does the fact that Yankelunas was also submitting the opinion letter for *in camera* review excuse Yankelunas from electronically filing Plaintiff's Response. That the court approved for filing Yankelunas's transmittal letter does not change the result as that letter, stating Plaintiff was withdrawing a motion filed

by Plaintiff seeking to compel Defendant to provide supplemental interrogatory answers, was, because Plaintiff did not, as required, file such letter with the Clerk, required to be filed to confirm such action, *i.e.*, Plaintiff's withdrawal of the motion, in the record.  Moreover, the risk that a document hand-delivered to chambers may be overlooked while a matter is under advisement is one that is properly assigned to the party that fails to file such document with the Clerk of the Court.

As such, there has been no demonstration that the court failed to consider any factual matter or decision that was properly before the court, or that reconsideration is necessary to correct any clear error by the court or to prevent manifest injustice to Plaintiff.  *Griffin Industries*, *supra*, at 368.  No fault by either chamber's staff or the Clerk's office prevented the proper filing of Plaintiff's Response.  Accordingly, Plaintiff's motion for reconsideration (Doc. No. 225) is DENIED.[4]

---

[4] Even if it had been filed and thus was required to be considered by the court, nothing within the Plaintiff's then unfiled Response supports Plaintiff's argument in opposition to the motion to compel. Rather, the cases Plaintiff cites in support of his argument that while e-mails exchanged between Plaintiff and Ganong in 1999 may have waived any privilege that Plaintiff could assert as to the validity of the 231 patent, such e-mails are not sufficient to waive any privilege as to the infringement issues addressed in the opinion letter, are inapposite.  Specifically, in each case cited by Plaintiff, the court held that the defendant, by asserting a reliance on the advice of counsel defense to a claim of wilful infringement, impliedly waived any attorney-client privilege or work product immunity that may otherwise have shielded all documents and communications from the attorney that were probative of the defendant's state of mind. *See Verizon California Inc. v. Ronald A. Katz Technology Licensing, L.P.*, 266 F.Supp.2d 1144, 1148-49 (C.D.Cal. 2003); *Akeva L.L.C. v. Mizuno Corporation*, 243 F.Supp.2d 418, 423 (M.D.N.C. 2003); and *Nitinol Medical Technologies, Inc. v. AGA Medical Corporation*, 135 F.Supp.2d 212, 217 (D.Mass. 2000). In contrast, in the instant case, Defendant is seeking production of an attorney opinion letter supporting Plaintiff's claim in this action that Defendant infringed on the 231 Patent.  As such, the cases Plaintiff cites in support of the attorney-client privilege fail to sustain Plaintiff's burden of establishing that the privilege applies.  Nor does the balance of Plaintiff's putative response satisfy the burden.

Specifically, the attorney-client privilege requires "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice."  *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996).  A party asserting the work product doctrine must demonstrate that "the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation."  *Id*. (citing Fed. R. Civ. P. 26(b)(3) and cases).  Here, Plaintiff does not point to any case supporting his argument that despite communicating the substance of the opinion letter to Ganong, Plaintiff kept the communication confidential so as to avoid affirmatively waiving any privilege that may have otherwise shielded it from discovery.  Furthermore, Plaintiff's assertion at page 4 of the previously unfiled Response that he does not intend to rely on the opinion letter at trial to prove the 231 patent's validity undermines any argument that

**CONCLUSION**

Based on the foregoing, Plaintiff's motion for reconsideration of the January 27, 2006 (Doc. No. 225) is DENIED.[5]

SO ORDERED.

/s/ *Leslie G. Foschio*

---

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   February 16, 2006
         Buffalo, New York

---

the opinion letter was prepared in anticipation of litigation so as to merit protection from disclosure pursuant to the work product doctrine. *See In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003) (to merit work product protection, "the party asserting the privilege must show a real, rather than speculative, concern, that counsel's thought processes in relation to pending or anticipated litigation will be exposed through disclosure . . .") (internal quotation omitted).  As the court denied reconsideration, it need not reach the question of whether Plaintiff's disclosure to Ganong of the opinion letter's content constituted an affirmative waiver.  *See* Defendant's Reply (Doc. No. 129) at 3-4 (citing cases).

[5] The court regrets this issue has arisen; however, the underlying facts serve to remind counsel of their non-delegable responsibility to assure that pleadings required to be filed with the court are indeed filed in accordance with the applicable rules.